IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARILYN JOHNSON and LAQUISSA OUSLEY,
a Minor by and through her Mother and Next Friend, Marilyn Johnson          PLAINTIFFS

v.                                                          CIVIL ACTION NO. 4:11-CV-00043-GHD-JMV

AARON RENT'S INC. d/b/a
Aaron's Sales & Leasing, a Foreign Corporation                              DEFENDANT

## MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION TO REMAND

Presently before this Court is Plaintiffs' motion to remand the case to state court [7]. Upon due consideration, the Court is of the opinion that the motion is well taken.

*A. Factual and Procedural Background*

On March 3, 2011, Plaintiffs Marilyn Johnson and her daughter, LaQuissa Ousley, filed a complaint in the County Court of Washington County, Mississippi against Defendant Aaron's, Inc. ("Defendant")[1] wherein Plaintiffs allege the following facts: Defendant operates a store in Greenville that rents various household items and appliances to individuals who have the option to purchase same. An individual named Dorothy Mays rented or purchased on credit a living room suite from Defendant. Defendant instructed employees who were sent to repossess items to break in and enter a customer's place of residence if necessary in order to repossess merchandise. After Mays became delinquent on payments, Defendant sent an individual named Gregory Harris to repossess the items. On February 24, 2009, Harris came to Plaintiffs' place of

---

[1] Defendant maintains that it is improperly named in the complaint as "Aaron Rent's Inc. doing business as Aaron's Sales & Leasing, a Foreign Corporation."

1

residence, mistakenly thinking he was at Mays' place of residence, and without attempting to determine if anyone was at home or to verify he was at the right home, took a screwdriver and pried Plaintiffs' door open, causing Plaintiffs to suffer physical and mental pain and causing damage to the door such that Plaintiffs could no longer lock the door.[2]

Plaintiffs maintain that these alleged actions constitute willful trespass through gross negligence evidencing a willful, wanton, and reckless disregard for Plaintiffs' safety and rights. Plaintiffs seek compensatory and punitive damages and attorney's fees in the sum of $74,999.00.

Defendant timely removed this case to this Court on the basis of diversity jurisdiction and then filed its answer and affirmative defenses. Plaintiffs subsequently filed a motion to remand the case to state court, and Defendant filed a response to the same. The matter is now ripe for review.

### B. *Standard of Review*

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the filing of the notice of removal on any defect except subject matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final

---

[2] Plaintiffs do not allege that Gregory Harris set foot in Plaintiffs' residence. *See* Mem. Br. Supp. Mot. Remand [8] ¶ 15.

2

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## C. Discussion

Plaintiffs argue that Defendants have failed to show that the amount in controversy meets the jurisdictional threshold. Plaintiffs further argue that this Court lacks subject matter jurisdiction and should remand the case to state court.

Defendant argues that the amount in controversy exceeded the jurisdictional threshold at the time of removal, and that Plaintiffs have failed to clarify the amount in controversy or show to a legal certainty that they will recover less than the jurisdictional threshold. Defendant additionally contends that Plaintiffs have a common and undivided interest in this action, and, thus, that their damages should be aggregated to meet the amount in controversy requirement. Defendant argues that the complaint's prayer for relief was not made in good faith.

A district court enjoys diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (quotation marks and citation omitted).

Courts generally begin the amount-in-controversy analysis by "look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds" the jurisdictional

3

threshold. *Ervin v. Sprint Commc'ns Co. LP*, 364 F. App'x 114, 117 (5th Cir. 2010) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)).[3]

In the case *sub judice*, the complaint's *ad damnum* clause provides that Plaintiffs seek compensatory damages, punitive damages, and attorney's fees—specifically a judgment "in the sum of $74,999.00." Plaintiffs concede that this language was intended to avoid removal of the case to federal court.

The Fifth Circuit has stated that "[i]t has long been recognized that unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S. Ct. 586, 82 L. Ed. 845 (1938) (additional citation omitted)).

In this case, it is facially apparent from the complaint that Plaintiffs claim the specific sum of $74,999.00, and nothing before the Court suggests the Plaintiffs make the claim in bad faith. For these reasons, the Court finds that the amount in controversy does not meet the jurisdictional threshold, this Court lacks subject matter jurisdiction to hear the case, and remand is appropriate.

---

[3] When a complaint does not allege a specific amount of damages, "the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount"; in this analysis, the court may rely on "summary judgment-type" evidence to determine the amount in controversy. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citations omitted); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57–58 (5th Cir. 1993). Because this Court finds that the complaint in the case *sub judice* specifies the amount sought by Plaintiffs, the Court need not conduct this analysis.

4

*D. Conclusion*

In sum, Plaintiffs' motion to remand [7] is GRANTED, and the case is REMANDED to the County Court of Washington County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the 22rd day of October, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE